## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CHRISTOPHER GORHAM,                                                                               PLAINTIFF
ADC #140092

v.                                            5:13CV00150-SWW-JTK

JOSE CARLO, et al.                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Christopher Gorham is a state inmate confined at the Delta Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging denial of adequate medical care and treatment with respect to fibromas in his right foot (Doc. No. 2). By Order dated June 4, 2013 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint. (Id.) Plaintiff filed an Amended Complaint (Doc. No. 4).

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.     Facts and Analysis**

Plaintiff alleges in his Amended Complaint that a private physician at an orthopedic clinic recommended a topical compound cream for the fibromas in his right foot on November 5, 2012, and that Dr. Coults (a non-party physician) agreed and ordered the cream (Doc. No. 4, p. 4.) Plaintiff states he did not receive the cream and on February 7, 2013, Defendant Carlo submitted a consult request for Plaintiff to be re-evaluated by the private physician. (Id.) Defendant Floss, the regional medical director for the ADC, however, denied this request. (Id.) On April 16, 2013, Defendant Carlo then noted that the original topical cream could not be ordered, but that a Tolonfatate (anti-fungal) cream would be an appropriate substitute. (Id.) That same date, Defendant Kelley found Plaintiff's grievance appeal to be with merit, but did not remedy the issue. (Id.) Plaintiff states that as a result of the "inadequate" treatment, his foot is "always in pain and is getting worse." (Id.)  He asks that the Court direct he be seen by a specialist, plus award monetary damages for pain and suffering.  (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In addition, in order to support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a

constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In the Court's June 4, 2013 Order, Plaintiff was instructed that his Amended Complaint should: **"1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed."** (Doc. No. 3, pp. 3-4.) While the Court is bothered by Plaintiff's allegation that as of February 7, 2013, he still had not received a cream which was ordered for him on November 5, 2012, Plaintiff does not allege that any of the named Defendants were responsible for this delay, or how this delay resulted in harm. Instead, Plaintiff appears to focus on the events which occurred after Defendant Carlo submitted the consult request on February 7, 2013.

The Court finds that Plaintiff's allegations against Defendants Carlo and Floss amount to a disagreement over the type of treatment provided, and do not support a claim of deliberate indifference in violation of the Eighth Amendment. Plaintiff's allegation against Defendant Carlo is that he ordered an alternative medication, which is not deliberate indifference, and his sole allegation that Defendant Floss denied the consult request reflects a disagreement over how his

treatment was handled. He does not allege that these two individuals refused to treat his medical condition, and he also does not allege facts to support a finding that he suffered from a serious medical need. Finally, Plaintiff's allegation that Defendant Kelley responded to his grievance but failed to remedy the issue does not support a constitutional claim for relief. Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009). Therefore, Plaintiff's Amended Complaint against Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 26th day of June, 2013.

                                                    _____
                                                    JEROME T. KEARNEY
                                                    UNITED STATES MAGISTRATE JUDGE